ANGLO-AUSTRALASIAN STEAM NAV. CO. *v.* CORNELL STEAM-BOAT CO.[1]

*(District Court, S. D. New York.   November 18, 1887.)*

TOWAGE—BREAKING OF TOW—DAMAGE TO THIRD PARTY—LIABILITY OF TUG.
  Respondent's tug was about to take two boats across the North river, but had assumed no part of the work of securing the boats to be towed.  Unknown to the master of the tug, a third boat, the canal-boat W., was designed to be included in the tow, and was partly attached to the tow by her own men; but before both necessary lines were made fast, word was passed from the tow to go ahead, and on starting forward the lines of the W. gave way, and she drifted upon and injured libelant's steamer.  On suit brought against the tug for the damage, *held*, that she was not liable.

Action for Damage caused by the breaking of the canal-boat William Walker from her tow, injuring libelant's vessel.

*Owen & Gray*, for libelant.

*Benedict, Taft & Benedict*, for respondent.

BROWN, J.  I am satisfied that the immediate cause of the breaking adrift of the canal-boat William Walker, and of the ensuing collision, was that the signal to start was passed to the respondent's tug before both of the lines of the lighter were made fast.  One small line had been fastened, the other not.  In a few moments the small line parted, and the boat drifted down against the libelant's steamer.

The respondent's tug in this case did not assume any part of the duty of arranging or securing the three boats to be towed.  Her captain, I think, plainly understood that only two boats were to be taken, not including the Walker.  The work of securing the lighter was undertaken entirely by her own men, and it was they who determined the time to start, and to pass the signal, "all right," to the tug.  The blame of the faulty start must rest on the lighter, and not on the tug.  *The Martino Cilento*, 22 Fed. Rep. 859; *The Jack Jewett*, 23 Fed. Rep. 927.  I find nothing in *The Quickstep*, 9 Wall. 665, 671, to the contrary.  As I must hold that the captain of the tug did not know that the Walker was attached, or designed to be attached, to the other two boats that he agreed to take in tow, I cannot find any blame resting upon the tug, and therefore must dismiss the libel, with costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.