## PETTERSON v. MUNSON INLAND WATER LINES, Inc.

### THE SARAH. K.

Circuit Court of Appeals, Second Circuit.
April 9, 1928.

No. 279.

Shipping ⬅79—Defendant's agents, making boats in ice fast to libelant's boat, negligently and without consent, causing damage, committed actionable maritime tort.

Defendant's agents, making boats in ice fast to stern of libelant's boat, negligently and without consent of master, causing damage when tugs towing libelant's boat started ahead, but were stopped by heavy ice, committed actionable maritime tort, for which defendant was liable, since one who intermeddles with property of another does so at his peril.

Appeal from the District Court of the United States for the Southern District of New York.

Libel for maritime tort by N. N. Petterson, owner of the canal boat Sarah K, against the Munson Inland Water Lines, Inc. Exceptions to the libel were filed. From a decree dismissing the libel, libelant appeals. Reversed.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

Rumsey & Morgan, of New York City (Frank A. Bernero, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUS-TUS N. HAND, Circuit Judges.

PER CURIAM. Exceptions to this libel were sustained upon the theory that it did not state sufficient facts justifying the claim of a maritime tort. The libel set forth that the Sarah K, loaded while in the Mohawk river, was taken in tow with another boat, and that the river at the time was covered with ice, and progress of the tug with the boats in tow was very slow; that the boats became fast in the ice and stopped; that there were other barges belonging to the appellee likewise fast in the ice; that the Sarah K remained in the ice some days, when—

"On December 13, 1926, the tugs Winthrop and Reliable took the boat Jess Willard to lock No. 15. These two tugs returned the next day and tried to get the Sarah K and barges No. 213 and No. 214 loose, but the latter two held fast in the ice and the line between the Sarah K and barge No. 213 parted. The canal superintendent then ordered the tugs to take the Sarah K to lock No. 15 and to return for barges No. 213 and No. 214. While the tugs were getting ready to tow the Sarah K, the agents, servants, and employees of the respondent, without the knowledge or consent of the master of the Sarah K, negligently made fast two lines on the stern of the Sarah K and the bow of No. 213 and coiled the slack down on the ice. The master of the Sarah K was forward, attending to his lines, and therefore did not see the lines which were made fast to the stern of his boat.

"The tugs started ahead, but were stopped by heavy ice. Barges No. 213 and No. 214 and another boat which had been hooked onto them were pulled clear of the ice and ran ahead through the clear water and struck the stern of the Sarah K, forcing it ahead so that it struck with much force on the stern of the tug Reliable."

If the offending boats made fast to the stern of the Sarah K without knowledge or consent of the master, and did so negligently, as alleged, and in consequence thereof damage was sustained to the appellant's boat, it amounted to an affirmative act of negligence and made appellee liable for the damages resulting from such a trespass. Any kind of intermeddling with the property of another which is wrong, unless it is authorized by some responsible person on behalf of the own-

er, is unjustified, and one who so intermeddles does so at his peril. Such transgression may well be an act of commission causing harm and responsibility for the commission thereof, no matter what may be the intention. It gives rise to an actionable tort. Anglo-Australasian, etc., Co. v. Cornell Steamboat Co. (D. C.) 32 F. 798. The exceptions should have been overruled.

Decree reversed.